Case 2:08-cr-00569-RBS   Document 86   Filed 07/23/09   Page 1 of 5



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 08-569 |
| THEODORE SMITH | : | |

**SURRICK, J.**     JULY 23, 2009

**MEMORANDUM**

Presently before the Court is Defendant's Omnibus Pretrial Motion[] and Authorities in Support Thereof. (Doc. No. 60.) For the following reasons, Defendant's Motion will be denied.

I. **BACKGROUND**

On September 18, 2008, Defendant Theodore Smith ("Defendant") and two co-defendants, Thomas Rose and Donte Sanders, were indicted on charges of conspiracy to interfere with interstate commerce by robbery in violation of 18 U.S.C. § 1951(a) (Count One); interference with interstate commerce by robbery in violation of 18 U.S.C. § 1951(a) and 18 U.S.C. § 2 (Count Two); and using or carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2 (Count Three). (Doc. No. 1.) Sanders was also charged with three additional counts of interference with interstate commerce by robbery (Counts Four through Six). (*Id.*) Sanders has entered a plea of guilty to all counts. (Doc. No. 69.) Trial is scheduled for July 27, 2009, for Defendant and Rose.

On May 18, 2009, Defendant filed a Motion to Suppress Statements. (Doc. No. 60.) The Government responded on June 1, 2009. (Doc. No. 62.) A hearing on Defendant's Motion was

held on July 8, 2009. The following facts are not in dispute: Defendant was arrested by Philadelphia police officers at approximately 12:30 p.m. on December 19, 2007. Defendant was held in police custody on state charges at the 35th Police District at Broad and Champlost Streets in Philadelphia. On December 19, 2007, while in police custody, Defendant went to the hospital for three hours. Defendant gave a statement to Philadelphia police at 9:10 a.m. on December 20, 2007. Prior to giving the statement, Defendant was given his *Miranda* warnings.[1] The statement given by Defendant was voluntary. Defendant was not arraigned on the state charges until noon on December 20, 2007. There was no involvement by federal law enforcement at the time that Defendant was arrested or at the time that he gave his statement.

## II.   DISCUSSION

In his Motion, Defendant argues that "the written statement taken from Defendant Smith must be suppressed under 18 U.S.C. § 3501(c) because it was taken more than six hours after his arrest and the delay was neither necessary nor reasonable. This principle is consistent with the Supreme Court's recent opinion in *Corley v. United States* . . . ." (Doc. No. 60 at 2.) The Government responds that neither § 3501(c) nor *Corley* applies in this situation because "[a]t the time he gave the statement . . . the defendant was in the sole custody of the Philadelphia Police, he gave the statement to a Philadelphia Police detective and had been arrested only on state charges." (Doc. No. 62 at 2.) The Government argues that the Supreme Court decision in *United States v. Alvarez-Sanchez*, 511 U.S. 350 (1994), is the controlling law in this case. The Government is correct.

Section 3501(c) provides "that a custodial confession made by a person within six hours

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

following his arrest 'shall not be inadmissible solely because of delay in bringing such person' before a federal magistrate . . . ." *United States v. Alvarez-Sanchez*, 511 U.S. 350, 351-52 (1994) (quoting 18 U.S.C. § 3501(c)).[2] Section 3501(c) does not apply, however, to "statements made by a person who is being held solely on state charges." *Id.* at 352. In *Alvarez-Sanchez*, the Supreme Court explained that

> the terms of the subsection can apply only when there is some "delay" in presentment [before a federal magistrate]. . . . The term presumes an obligation to act. Thus, there can be no "delay" in bringing a person before a federal magistrate until, at a minimum, there is some obligation to bring the person before such a judicial officer in the first place. Plainly, a duty to present a person to a federal magistrate does not arise until the person has been arrested for a *federal* offense.

*Id.* at 357-58 (internal citations omitted; emphasis in original). The *Alvarez-Sanchez* rule controls even where a defendant is arrested for criminal behavior that could be prosecuted in either state or federal court. *Id.* at 358 (finding that § 3501(c) does not apply to defendants arrested on state charges "even if the arrested officers . . . believe or have cause to believe that the person also may have violated federal law. Such a belief, which may not be uncommon given that many activities are criminalized under both state and federal law, does not alter the

---

[2] Section 3501(c) provides that

> [i]n any criminal prosecution by the United States or by the District of Columbia, a confession made or given by a person who is a defendant therein, while such person was under arrest or other detention in the custody of any law-enforcement officer or law-enforcement agency, shall not be admissible solely because of delay in bringing such person before a magistrate [magistrate judge] or other officer empowered to commit persons charged with offenses against the laws of the United States or of the District of Columbia if such confession is found by the trial judge to have been made voluntarily and if the weight to be given the confession is left to the jury and if such confession was made or given by such person within six hours immediately following his arrest or other detention . . . .

18 U.S.C. § 3501(c).

3

underlying basis for the arrest and subsequent custody"). Therefore, "[a]s long as a person is arrested and held only on state charges by state or local authorities, the provisions of § 3501(c) are not triggered." *Id.*; *see also United States v. Stowe*, 100 F.3d 494, 501 (7th Cir. 1996) (finding that § 3501(c) does not apply where the defendant "was not originally arrested on federal charges; he was arrested initially by state authorities on state charges, detained for 36 hours based on those state charges, and only later were federal charges filed"). However, "a confession obtained during such a period of detention must be suppressed if the defendant [can] demonstrate the existence of improper collaboration between federal and state or local officers." *Alvarez-Sanchez*, 511 U.S. at 359. The Supreme Court's decision, *Corley v. United States*, 129 S. Ct. 1558 (2009), did not affect the holding of *Alvarez-Sanchez*. *See United States v. Kirkland*, No. 08-3410, 2009 U.S. App. LEXIS 11722, at *8 (7th Cir. June 1, 2009) (finding, after *Corley*, that "[t]ime spent in state custody does not . . . count toward § 3501(c)'s six-hour limitation" unless a defendant can "establish a clear working arrangement between federal agents and state or local officials") (internal citations and quotation marks omitted).

Here, Defendant concedes that he gave a statement to police while held in state custody on state charges. Thus, at the time that Defendant gave his confession, Philadelphia police officers had no obligation to bring Defendant before a federal magistrate. Accordingly, there could be no "delay" under § 3501(c). The fact that federal authorities adopted the case months later, and that the case is now proceeding in the federal court system, does not trigger a § 3105(c) analysis. Furthermore, although Defendant raised the policy concern that state and federal authorities could collude to evade the restrictions imposed by § 3501(c), he admits that federal law enforcement played no part whatsoever in the early stages of this case. We are satisfied,

based upon *Alvarez-Sanchez*, that § 3501(c) does not apply in this case. Moreover, since Defendant does not dispute the fact that his statement was given voluntarily, there is nothing in § 3501 that requires its suppression. *See* 18 U.S.C. § 3501(a).[3]

### III. CONCLUSION

For these reasons, Defendant's Motion to Suppress Statement will be denied.

An appropriate Order will follow.

BY THE COURT:

R. Barclay Surrick, J.

---

[3] Section 3501(a) provides in pertinent part:

> In any criminal prosecution brought by the United States or by the District of Columbia, a confession . . . shall be admissible in evidence if it is voluntarily given. Before such confession is received in evidence, the trial judge shall, out of the presence of the jury, determine any issue as to voluntariness. If the trial judge determines that the confession was voluntarily made it shall be admitted in evidence and the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances.

18 U.S.C. § 3501(a).